1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7

8    UNITED STATES OF AMERICA,

9          Plaintiff,                      NO. 2:10-CR-00040-JLQ

10         v.                              MEMORANDUM OPINION AND
                                           ORDER RE: MOTION TO VACATE
11   KENNETH H. CRAUSE,

12         Defendant.

13

          BEFORE THE COURT is the Defendant's Motion to Vacate (ECF No. 85).

14   Defendant seeks to vacate his sentence pursuant to 28 U.S.C. § 2255 based on *Johnson v.*

15   *U.S.*, 135 S. Ct. 2551 (2015). Defendant argues *Johnson* makes the residual clause of

16   U.S.S.G. § 4B1.2(a) void for vagueness. He also argues this court should re-evaluate its

17   findings at sentencing (which did not rely on the residual clause) that he had two or more

18   qualifying convictions in light of the current legal landscape and find his Robbery and

19   Riot convictions are not currently crimes of violence. As a result, Defendant asserts he did

20   not qualify as a career offender and should be re-sentenced without that enhancement

21   applied to his Guideline Range.

22         In response, the Government conceded *Johnson* invalidates the residual clause of

23   U.S.S.G. § 4B1.2(a), but opposed the Motion and requested a stay pending the Supreme

24   Court decision in *Beckles v. U.S.*, No. 15-8544. (ECF No. 88). Because of the

25   Government's request for a stay*,* the court directed the parties to file supplemental briefs

26   addressing whether a stay should be entered. Defendant asserted this matter should not be

ORDER - 1

stayed and his Motion should be granted based on the currently existing case law. (ECF No. 93). The Government argued a stay should be entered to promote judicial economy since *Beckles* would be dispositive on the threshold issues in the instant matter. (ECF No. 94).

On March 6, 2017, the Supreme Court rendered its decision in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. U.S.*, — S. Ct. —, 2017 WL 855781 at *3 (March 6, 2017). The same day, Defendant filed a Notice requesting the court to wait 14 days before issuing a ruling on the Motion so counsel could discuss *Beckles* with her client. (ECF No. 96). That time has passed and no filing has been made.

The Motion to Vacate was submitted to this court for hearing without oral argument. This Order memorializes the court's rulings on this matter.

## I.   Background

### A.   Procedural History

On March 30, 2010, a Criminal Complaint was filed alleging the Defendant, Kenneth Crause, was illegally in possession of six firearms. (ECF No. 1). When officers executed a search warrant for Defendant's vehicle, they found approximately four ounces of methamphetamine. The laboratory analysis determined the substance weighed 166.2 grams and was 41.3% pure, resulting in 68.6 grams of actual or pure methamphetamine. The search of the residence revealed six firearms, a black-powder pistol, and numerous rounds of .22 caliber ammunition. After waiving his *Miranda* rights, Defendant later admitted to possessing the firearms knowing they were stolen.

On April 6, 2010, an Indictment was returned charging Defendant with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924. (ECF No. 12). Although not initially charged, the amount of methamphetamine found in Defendant's possession, if charged, would have mandated a minimum of 20 years of

ORDER - 2

incarceration based on his prior felony drug conviction. *See* 21 U.S.C. §841(b)(1)(A)(viii); 21 U.S.C. § 851(a).

On June 1, 2010, Defendant pleaded guilty to an Information Superseding Indictment charging him with: (1) Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j), 924(a)(2), and 18 U.S.C. § 2; and (2) Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). (ECF No. 28); (ECF No. 32). The Information Superseding Indictment also alleged Defendant had two prior qualifying drug convictions which mandated a term of incarceration of no less than 10 years on the drug charge pursuant to 21 U.S.C. § 841(a). (ECF No. 28).

On August 20, 2010, the court held a sentencing hearing wherein the court addressed Defendant's criminal history. At the time of sentencing, Defendant had numerous adult felony convictions,  including convictions for three counts of Felony Riot in Washington, a First Degree Robbery conviction in Oregon, and Unlawful Possession of a Controlled Substance with Intent to Deliver in Washington. Defendant had a total of 23 points of Criminal History. Only 13 points was needed to be in Category VI, the highest category of criminal history.

The court found Riot could not be considered a crime of violence under the categorical approach because the statute included offenses against property. (ECF No. 52 at 1). However, the court found Defendant's Riot convictions were crimes of violence under the modified categorical approach because Defendant was charged with "use and threaten to use force against a human being" on each count in the charging document. (ECF No. 52 at 1). Because Riot was found to be a crime of violence under the "use of force" clause, and based on the unchallenged controlled substance conviction, the court found Defendant was a Career Offender under U.S.S.G. § 4B1.2. (ECF No. 52).

ORDER - 3

On September 21, 2012, the court sentenced Defendant to 120 months imprisonment on the firearm charge, the statutory maximum. (ECF No. 72). The court also varied downward from the Guideline Range and imposed 156 months incarceration on the drug charge, to run concurrently with the firearm sentence. (ECF No. 72). No appeal from the Judgment was taken. Without the Career Offender finding, Defendant's Guideline Range would have been 188 to 235 months.

**B.      *Johnson v. U.S.***

In *Johnson*, the Supreme Court considered whether "or otherwise involves conduct that presents a serious potential risk of physical injury to another" (also known as the "residual clause") in the Armed Career Criminal Act of 1984 ("ACCA")  was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2555. For a defendant with three qualifying convictions, the ACCA increased the mandatory minimum period of incarceration to 15 years which is above the otherwise applicable statutory maximum. *See* 18 U.S.C. § 924(e)(1). Although the residual clause had been upheld by four prior decisions, in *Johnson* the Supreme Court found the residual clause was void for vagueness. In finding the residual clause of the ACCA void for vagueness, the Supreme Court also stated other laws containing "substantial risk," "grave risk," and "unreasonable risk" were not automatically void for vagueness based on the holding in *Johnson*. *See* (*id*. at 2561).

In 2016, the Supreme Court held the rule announced in *Johnson* is a substantive decision that has retroactive effect in cases on collateral review. *Welch v. U.S.*, 136 S. Ct. 1257, 1268 (2016). In *Welch*, the Supreme Court found declaring the residual clause of the ACCA void for vagueness "changed the substantive reach" of the ACCA because before *Johnson* defendants who had convictions found to be violent felonies under the residual clause "faced 15 years to life in prison" while "[a]fter *Johnson*, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison."

ORDER - 4

(*Id.*). *Johnson* did not constitute a procedural rule because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act." (*Id.*). "*Johnson* affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." (*Id.*).

**C.   *Beckles v. U.S.***

Left open by the *Johnson* and *Welch* decisions was whether the similarly worded residual clause in U.S.S.G. § 4B1.2(a)'s definition of "crime of violence" is valid. The issue caused a circuit split. Most circuits applying *Johnson* to U.S.S.G. § 4B1.2(a) accepted the Government's concession of the issue and did not independently analyze the constitutional underpinnings of *Johnson* as applied to the United States Sentencing Guidelines. *See U.S. v. Maldonado*, 636 Fed. Appx. 807, 810 (2d Cir. 2016); *U.S. v. Townsend*, 638 Fed. Appx. 172, 178 n.14 (3d Cir. 2015); *U.S. v. Taylor*, 803 F.3d 931 (8th Cir. 2015). The Eleventh Circuit found *Johnson* did not apply to the advisory United States Sentencing Guidelines because they were not susceptible to constitutional vagueness challenges. *See U.S. v. Matchett*, 802 F.3d 1185 (11th Cir. 2015); *see also*, *U.S. v. Gonzalez-Longoria*, --- F.3d ---, 2016 WL 4169127 at **6-11 (5th Cir. August 5, 2016) (Jones, J., concurring). Some circuits found the United States Sentencing Guidelines susceptible to vagueness challenges and applied *Johnson* to the residual clause in U.S.S.G. § 4B1.2(a). *See U.S. v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016); *U.S. v. Pawlak*, 822 F.3d 902 (6th Cir. 2016); *U.S. v. Madrid*, 805 F.3d 1204, 1210-12 (10th Cir. 2015).

On June 27, 2016, the Supreme Court granted a *writ of certiorari* in *Beckles v. U.S.*, No. 15-8544. The questions presented were:

> (1)   Whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause of U.S.S.G. § 4B1.2(a)(2)?

ORDER - 5

(2)    Whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review?

(3)    Whether mere possession of a sawed-off shotgun, an offense listed as a 'crime of violence' only in the commentary to U.S.S.G. § 4B1.2, remains a 'crime of violence' after *Johnson*?

*See* https://www.supremecourt.gov/qp/15-08544qp.pdf. Oral argument was heard on November 28, 2016.

In light of the questions presented in *Beckles*, many courts stayed proceedings involving the question of whether *Johnson* applies to U.S.S.G. § 4B1.2(a). *See, e.g.*, *In re: Embry*, 831 F.3d 377 (6th Cir. 2016); *Blow v. U.S.*, 829 F.3d 170 (2d Cir. 2016); *Brown v. U.S.*, No. 16-CV-61287-BLOOM/Valle, 2016 WL 4035005 (S.D. Fla. July 28, 2016); *Hardemon v. U.S.*, Nos. 16-61271-CIV-COHN-WHITE and 03-60245-CR-COHN, 2016 WL 4029697 (S.D. Fla. July 26, 2016).

Defendant argued this court should not stay the instant matter because "*Reina-Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011), obligates this Court to conclude that the rule in *Johnson* applies retroactively on collateral review in his case." (ECF No. 93 at 2). Defendant also asserted a stay should not be issued because Defendant "is not obligated to stand aside, continue to suffer harm, and wait for another person to settle a rule of law that will apply to them both; particularly, when the stay is indefinite." (ECF No. 93 at 3).

On March 6, 2017, the Supreme Court issued its decision in *Beckles*, rejecting the Government's concession that *Johnson's* constitutional holding applied to the similarly worded United States Sentencing Guidelines. *See Beckles*, 2017 WL 855781 at *3. The Supreme Court found the United Sentencing Guidelines are categorically immune from vagueness challenges:

ORDER - 6

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

(*Id.* at *6); *accord*, *U.S. v. Bacon*, No. CR-10-025-JLQ, 2016 WL 6069980 (E.D. Wash. October 14, 2016).

## II.   Discussion

A prisoner serving a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The permissible grounds for a motion brought pursuant to 28 U.S.C. § 2255 are "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under 28 U.S.C. § 2255 should only be granted where the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" and presents "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. U.S.*, 417 U.S. 333, 346 (1974) (quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1962)).

A motion under 28 U.S.C. § 2255 may be denied as procedurally defaulted if the claim presented in the motion was not raised on direct appeal. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). However, a defendant may overcome procedural default by showing "cause and prejudice." (*Id.*); *see U.S. v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (including "actual innocence" as an exception to the exhaustion requirement). Cause "must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). For example, cause is shown by "interference by officials" or "a showing that the factual or legal basis for a claim was not

ORDER - 7

reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotation marks and citation omitted).

To establish prejudice, the petitioner bears the burden of proving the alleged errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see also*, *U.S. v. Dean*, 169 F. Supp. 3d 1097, 1101 (D. Or. 2016) ("To warrant relief, a petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."). Showing an alleged error "created a *possibility* of prejudice" is insufficient. *Frady*, 456 U.S. at 170. This standard is "significantly greater than that necessary under 'the more vague inquiry suggested by the words clear error.'" *Murray v. Carrier*, 477 U.S. 478, 493-94 (1986).

However, "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way 28 U.S.C. § 2255." *U.S. v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Thus, alleged sentencing errors "that were not raised on appeal and that do not implicate constitutional concerns are waived." (*Id.*) (Citing *Evenstad v. U.S.*, 948 F.2d 1154 (9th Cir. 1992)).

Additionally, a motion to vacate brought under 28 U.S.C. § 2255 must be brought within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The parties in this matter agreed *Johnson* and the constitutional rationale expressed therein applied to the similarly-worded definition of "crime of violence" in U.S.S.G. §4B1.2(a). However, the court "is not bound to accept a concession when the point at issue is a question of law." *Deen v. Darosa*, 414 F.3d 731, 734 (7th Cir. 2005). This court

ORDER - 8

1  was not inclined to accept the concession, which is the same course of action the Supreme

2  Court took in *Beckles*.

3       Before *Beckles*, Ninth Circuit precedent did not permit relief under *Johnson*. *Reina-*

4  *Rodriguez* had no bearing on the issues presented by *Johnson* or *Beckles*. In *Reina-*

5  *Rodriguez*, the Ninth Circuit addressed whether *U.S. v. Grisel*, 488 F.3d 844 (9th Cir.

6  2007) (en banc) (holding the modified categorical approach must be used to determine

7  whether "dwelling" in Utah meets the concept of "dwelling" as incorporated in the United

8  States Sentencing Guidelines), should be applied retroactively to Reina-Rodriguez. *Reina-*

9  *Rodriguez*, 655 F.3d at 1187. In applying the rule of *Grisel* retroactively, the Ninth Circuit

10  found *Grisel* constituted a new rule "[b]ut it is not a new *constitutional* rule, since it does

11  not implicate constitutional rights." (*Id*. at 1188) (emphasis in original).

12       As *Reina-Rodriguez* did not present a constitutional rule of law, it was clearly

13  inapposite and had no bearing on the constitutional issues presented by *Johnson*. At most,

14  *Reina-Rodriguez* reinforced the principle that the Ninth Circuit has interpreted provisions

15  of the ACCA and United States Sentencing Guidelines identically. However, this

16  principle, while true, did not resolve the issue of whether *Johnson* and the due process

17  rationale therein should be applied to the United States Sentencing Guidelines. *See U.S. v.*

18  *Willis*, 795 F.3d 986, 996 (9th Cir. 2015) ("We make no distinction between 'violent

19  felony' in ACCA and 'crime of violence' in §4B1.2(a)(2) for purposes of interpreting the

20  residual clauses... [b]ut we have not yet considered whether the due process concerns that

21  led *Johnson* to invalidate the ACCA residual clause as void for vagueness are equally

22  applicable to the Sentencing Guidelines").

23       Most tellingly, the Ninth Circuit had three opportunities to determine whether

24  *Johnson* applied to the United States Sentencing Guidelines. *See*, *U.S. v. Torres*, 828 F.3d

25  1113, 1125 (9th Cir. 2016); *U.S. v. Lee*, 821 F.3d 1124, 1127 (9th Cir. 2016); *Willis*, 795

26  F.3d at 996. If *Reina-Rodriguez* were controlling, the Ninth Circuit would not have

ORDER - 9

declined in those three cases to state the obvious conclusion. Indeed, *Reina-Rodriguez* was not cited in *Beckles*, further demonstrating its lack of relevance to any of the issues present in *Johnson* or *Beckles*.

Before *Beckles* was decided, there was no relief warranted under *Reina-Rodriguez* or any other binding precedent. Because Defendant's Motion hinges on U.S.S.G. § 4B1.1(a)(2)'s residual clause being unconstitutionally vague, *Beckles* forecloses any relief to Defendant. As he filed no direct appeal, any claimed errors are procedurally defaulted because they are not constitutionally based.

Even if *Beckles* had been decided differently, the Motion would still lack merit because the residual clause was never implicated in this court's findings at sentencing. Defendant presented no basis whereby this court should have revisited its findings. In essence, Defendant presented a claim under *Descamps v. U.S.*, 133 S. Ct. 2276 (2013), but that case is not retroactively applicable. *See Ezell v. U.S.*, 778 F.3d 762 (9th Cir. 2015). Additionally, given the factual history detailed above, Defendant's sentence was appropriate even if the court did not consider the Career Offender enhancement to the Guideline Range.

**IT IS HEREBY ORDERED**:

1.   The Motion Seeking a Nunc Pro Tunc Order for an Enlargement of Time Within Which to Respond (ECF No. 95) is **GRANTED**.

2.   The Motion to Vacate Sentence and for Resentencing (ECF No. 85) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

Dated March 28, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 10